Hay, Judge,
delivered the opinion of the court:
This suit comes on to be heard upon the demurrer of the defendant to the amended petition of the plaintiff.
The plaintiff alleges that there is due it excessive taxes and unauthorized penalties and other unauthorized internal-revenue collections amounting to the sum of $76,785.08. collected by the United States from it for the years 1916- and 1917.
The petition of the plaintiff also alleges that it entered into negotiations with the United States for the compromise of the penalties and liabilities alleged to be due by it to the United States.
*119 The petition further alleges that in pursuance of such negotiations it was agreed that the plaintiff would submit, and the United States would accept a sum of money equal to 50 per cent of the total correct taxes for 1916 and 191T in compromise of all penalties and other civil and criminal liabilities. The compromise between the parties was; embodied and effected in the letters of the parties, which, read as follow^:
Mat 14, 1920.
COMMISSIONER OE INTERNAL REVENUE,

Washington, D. G.

Dear Sir : The undersigned, the Lone Star Brewing Association, seeking the benefits of section 3229, United States; Revised Statutes, hereby tenders the sum of $129,165.21 in payment of all income and of excess-profits taxes and in compromise of all penalties and other civil and criminal liabilities of said association and its officers growing out of internal-revenue taxes due for the years 1916 and 1917.
Yery truly,
Lone Star Brewing AssociATipN, By H. Bruhn, President.
SO :P :AHM.
180162.
Cooke & Beneman,

Attorneys at Law, Union Trust Building,

Washington, D. 0.

Sirs : The Commissioner of Internal Revenue has considered the proposition submitted by the Lone Star Brewing-Association of San Antonio, Texas, on May 14, 1920,. through the collector of internal revenue at Austin, Texas, as a compromise of liabilities on account of filing false and fraudulent income and excess-profits tax returns for the year 1916 and 1917, and has decided, with the advice and consent, of the Secretary of the Treasury and the concurrence of the Attorney General, to close the case by the acceptance of' the following terms: $129,765.21 in payment of all income and excess-profits taxes and in compromise of all penalties and all civil and criminal liabilities of said association and its officers growing out of Internal Revenue taxes for the-years 1916 and 1917.
Respectfully,
Wayne Johnson.
Afterwards the plaintiff filed with the Commissioner of Internal Revenue a claim for refund of the amount claimed *120 in the petition, which claim for refund was denied by the -commissioner on the ground that the case had been compromised by the agreement set forth in the letters above set out.
The statutory provision for compromise of taxes is section 3229, Revised Statutes, and reads as follows:
“Section 3229. (Compromises.) The Commissioner of Internal Revenue, with the advice and consent of the Secretary •of the Treasury, may compromise any civil or„ criminal case .arising under the internal revenue laws instead of commencing suit thereon; and, with the advice and consent of the said Secretary and the recommendation of the Attorney General, he may compromise any such case after a suit thereon has been commenced. Whenever a compromise is made in any case there shall be placed on file in the office of the commissioner the opinion of the Solicitor of Internal Revenue, or of the officer acting as such, with his reasons therefor, with a statement of the amount of tax assessed, the amount of additional tax or penalty imposed by law in consequence of the neglect or delinquency of the person against whom the tax is assessed, and the amount actually paid in accordance with the terms of the compromise.”
The offer of compromise made by the plaintiff and the acceptance thereof comply in all respects with the terms of the statute. It appears from the allegations of the petition that the plaintiff offered an amount in compromise and that "the United States accepted the offer. This closed the trans.action, and included all controversies between the parties as to the taxes and penalties for the years 1916 and 1917. 'The cause of action presented by the plaintiff in its petition arises from transactions having to do with the taxes and penalties of 1916 and 1917, and we can not go back of the agreement of the parties and open up a transaction which .'has been closed by the act of the parties.
Whatever the Government may have done after the date of the compromise can have no effect upon the compromise,
■ which is binding upon both parties.
The defendant’s demurrer must be sustained and the petition dismissed. And it is so ordered.
Graham, Judge; Downey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.